IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Veronica H.,[1] | ) |
|     *Plaintiff*, | ) |
| | ) No. 17 C 50279 |
| v. | ) |
| | ) Magistrate Judge |
| NANCY A. BERRYHILL, Acting | ) Iain D. Johnston |
| Commissioner of Social Security, | ) |
|     *Defendant*. | ) |

**MEMORANDUM OPINION AND ORDER**

Veronica H. ("Plaintiff") seeks disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") based on her claim that the combination of carpal tunnel syndrome, neck pain, shoulder pain, back pain, gastritis, ulcers, knee pain, and foot pain prevent her from being able to perform full-time work. After the Commissioner of Social Security denied her applications, Plaintiff filed this lawsuit seeking judicial review of the Commissioner's decision. *See* 42 U.S.C. § 405(g). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Before the court are the parties' cross-motions for summary judgement. For the following reasons, Plaintiff's motion is granted, and the Commissioner's is denied. The decision of the ALJ is remanded.

---

[1] In accordance with the recent recommendation of the Court Administration and Case Management Committee of the Administrative Office of the United States Courts, this court uses only the first name and last initial of Plaintiff in this opinion to protect his privacy to the extent possible.

# I. BACKGROUND

**A. Procedural History**

Plaintiff filed her applications on August 30, 2013, alleging disability beginning on August 20, 2013. R. 259-74. After both applications were denied initially and upon reconsideration, R. 77-132, Plaintiff sought and was granted a hearing before an Administrative Law Judge ("ALJ"). R. 157-58. On February 25, 2016, Plaintiff, represented by an attorney, testified[2], via video, at a hearing before the ALJ. R. 39-76. The ALJ also heard testimony from Jacqueline Bethell, a vocational expert ("VE"). *Id*. On June 24, 2016, the ALJ issued a written decision finding that Plaintiff was not disabled. R. 21-33. On July 13, 2017, Plaintiff's request for review by the Appeals Council was denied, making the ALJ's decision the final decision of the Commissioner. R. 1-4. This action followed.

**B. ALJ Decision**

On June 24, 2016, the ALJ issued an unfavorable decision. R. 21–33. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since her alleged onset date. R. 23. At step two, the ALJ found Plaintiff suffered from severe impairments of degenerative joint disease of the right shoulder, degenerative disc disease, and obesity. R. 24. At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926). R. 25.

---

[2] Because Plaintiff spoke limited English, an interpreter was also present at the hearing.

Before step four, the ALJ found that she had the residual functional capacity ("RFC") to perform work at a light exertional level, subject to some limitations.[3] R. 26. At step four, the ALJ concluded that Plaintiff was capable of performing her past relevant work. R. 31. At step five, the ALJ found Plaintiff could perform other work, including office helper, cafeteria attendant, and mail clerk. R. 32. Because of this determination, the ALJ found that Plaintiff was not disabled under the Act. R. 32-33.

## II. LEGAL STANDARD

A reviewing court may enter judgment "affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). If supported by substantial evidence, the Commissioner's factual findings are conclusive. *Id.* Substantial evidence exists if there is enough evidence that would allow a reasonable mind to determine that the decision's conclusion is supportable. *Richardson v. Perales*, 402 U.S. 389, 399-401 (1971). Accordingly, the reviewing court cannot displace the decision by reconsidering facts or evidence, or by making independent credibility determinations. *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008).

However, the Seventh Circuit has emphasized that review is not merely a rubber stamp. *Scott v. Barnhart*, 297 F.3d 589, 593 (7th Cir. 2002) (a "mere scintilla" is not substantial evidence). A reviewing court must conduct a critical review of the evidence before affirming the Commissioner's decision. *Eichstadt v. Astrue*, 534 F.3d 663, 665 (7th Cir. 2008). Even when adequate record evidence exists to support the Commissioner's decision, the decision will not be affirmed if the Commissioner does not build an accurate and logical bridge from the evidence to the conclusion. *Berger v. Astrue*, 516 F.3d 539, 544 (7th Cir. 2008). Moreover, federal courts

---

[3] She is limited to no more than occasional overhead reaching and frequent reaching in all other directions. She could perform handling and fingering frequently bilaterally. *Id*.

cannot build the logical bridge on behalf of the ALJ. *See Mason v. Colvin*, No. 13 C 2993, 2014 U.S. Dist. LEXIS 152938, at *19 (N.D. Ill. Oct. 29, 2014).

## III. DISCUSSION

Before addressing the merits of this appeal, the Court notes that Plaintiff's arguments are difficult to follow. Judicial resources are scarce, and the Court should not have to piece together legal arguments. Nonetheless, the Court cannot ignore a significant error in the ALJ's written decision alluded to by Plaintiff.

**A. Opinion Evidence**

Plaintiff takes issue with the ALJ's reasoning for rejecting the opinion of Christopher M. Condon, D.C. Pl. Mot. 11, at 8-10. In Plaintiff's view, there is evidence in the record that "could easily support [Mr. Condon's opinion] that she had difficulty standing and would need to alternate positions at work," including an MRI noting disc degeneration. *Id*. The Defendant responds by claiming that Plaintiff's argument amounts to nothing more than asking the Court to re-weigh the evidence. Def. Mot. 16, at 4.

On January 2, 2014, Mr. Condon, a chiropractor, submitted a letter in which he noted that Plaintiff had issues with, among other things, her right lower back and hip. R. 615. According to Mr. Condon, Plaintiff could only sit for two hours at a time before needing to stand up and move around. *Id*. He also opined that Plaintiff could walk and stand for about one to two hours before needing to sit and rest. *Id*. The ALJ rejected Mr. Condon's opinion because, in his view, it "was not consistent with the record as a whole." R. 30. In doing so, the Court finds that the ALJ impermissibly 'played doctor' by independently evaluating the significance of the June 2015 lumbar spine MRI. *Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996) ("ALJs must not succumb to the temptation to play doctor and make their own independent medical findings.")

The Seventh Circuit has explained that when new and potentially decisive medical evidence, such as an MRI, is submitted after agency review, the evidence should be reviewed by a medical expert before the ALJ reaches a decision. *See Goins v. Colvin*, 764 F.3d 677, 680 (7th Cir. 2014); *see also Moon v. Colvin*, 763 F.3d 718, 722 (7th Cir. 2014) ("ALJs are required to rely on expert opinions instead of determining the significance of particular medical findings themselves.") Plaintiff's 2015 MRI of her lumbar spine revealed "advanced L5/S1 disc degeneration" and "bilateral neural foramina stenosis…with compression of existing L5 nerves." R. 803-04. Even though the MRI was not reviewed by a medical expert, the ALJ nonetheless concluded that its findings were not consistent with Mr. Condon's opinion. R. 29-30. This was error. The ALJ was not qualified to independently evaluate the MRI and decide that its findings did not support the need to alternate positions. *See Akin v. Berryhill*, 887 F.3d 314, 318 (7th Cir. 2018) (criticizing ALJ for playing doctor by interpreting MRI results); *see also McHenry v. Berryhill*, 911 F.3d 866, 871 (7th Cir. 2018).

The Court, however, is not suggesting that the ALJ's determination is incorrect, nor does the Court hold that the ALJ was required to accept Mr. Condon's opinion. *See Pierce v. Colvin*, 739 F.3d 1046, 1051 (7th Cir. 2014). Rather, the Court finds that the MRI results *may* corroborate Mr. Condon's opinion that Plaintiff needed to alternate positions. This is significant considering the need to alternate positions can be dispositive in Social Security cases. *See* SSR 83-12 (explaining that a need to alternate between sitting and standing can erode the occupational base); *see also Books v. Chater*, 91 F.3d 972 (7th Cir. 1996). Therefore, on remand the ALJ should submitted the MRI to medical experts to determine whether its findings are, in fact, inconsistent with Mr. Condon's sit/stand option. *Israel v. Colvin*, 840 F.3d 432, 440 (7th Cir. 2016).

Next, Plaintiff argues that the ALJ ignored an entire line of evidence by failing to consider the limiting effects cervical spondylosis had on her manipulative functioning. Pl.'s Mot. 11, at 6. Plaintiff's argument is flawed for several reasons.

First, the argument is predicated on a misreading of the ALJ's decision. In this case, the ALJ did not ignore her cervical spondylosis. To the contrary, a review of the written decision confirms that the ALJ summarized the results of the cervical MRI and acknowledged that it showed multilevel spondylosis. R. 28. Likewise, there is no evidence that the ALJ based his handling and fingering limitations solely on the effects of carpal tunnel syndrome. Although the ALJ discussed Plaintiff's carpal tunnel syndrome, nothing in the written decision suggests that the ALJ confined his analysis to that ailment. In fact, after concluding that carpal tunnel was not a severe impairment, the ALJ proceeded with the evaluation process and discussed Plaintiff's other non-severe and severe impairments. R. 24-28. Notably, the ALJ explicitly stated that he considered all of Plaintiff's impairments, including her neck impairment, when he made his RFC finding. R. 29.

Second, and more importantly, Plaintiff's argument is underdeveloped. Although she takes issue with the ALJ's decision to limit her to frequent handling and fingering, she does not identify or articulate any functional limitations the ALJ should have imposed. *See Davis v. Berryhill*, 723 F. App'x 351, 356 (7th Cir. 2018) (criticizing plaintiff for failing to explain how the ALJ's RFC finding was inconsistent with her fibromyalgia symptoms). In other words, Plaintiff failed to explain how her neck impairment supported a more restrictive RFC that would have led to a finding of disability. It was Plaintiff's burden to present evidence supporting her disability claim. *Weaver v. Berryhill*, 746 F. App'x 574, 579 (7th Cir. 2018) (explaining that Plaintiff has the burden of not just establishing the existence of a condition, but also providing evidence that supports specific limitations affecting her capacity to work); *see also Scheck v. Barnhart*, 357 F.3d 697, 702 (7th

Cir. 2004). Although Plaintiff cites to evidence that indicates she had radiculopathy, she does not explain how that diagnosis supported greater functional limitations than those already assigned by the ALJ. *See Best v. Berryhill*, 730 F. App'x 380, 382 (7th Cir. 2018) (rejecting argument that the ALJ erred in formulating the RFC because she did not include limitations based on neck problems). Therefore, with respect to this issue, Plaintiff has failed to show that the ALJ's decision is not supported by substantial evidence. *Olsen v. Colvin*, 551 F. App'x 868, 875 (7th Cir. 2014) (noting that it is plaintiff's "burden to show that the ALJ's decision is not supported by substantial evidence.").

## CONCLUSION

For the reasons given, the government's motion for summary judgment is denied, the plaintiff's motion is granted. The decision of the ALJ is remanded.

Date: March 25, 2019    By: _____
                           Iain D. Johnston
                           United States Magistrate Judge